UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------

RANDY SUGGS MORRISSETTE,

              Plaintiff,

    - against -                  10 Civ. 8795(JGK)

A.M.K.C. WARDEN CRIPPS; C/O
HUTCHINSON #17243; C/O FREEMANTLE
#11386,                           MEMORANDUM OPINION AND
                                               ORDER

              Defendant.

-----------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff filed a pro se complaint alleging a claim under 42 U.S.C. § 1983 for failure to be placed in adequate prison housing within a twenty-four hour period in violation of the Eighth Amendment.  He listed as defendants Anna M. Cross Center ("AMKC") Warden Cripps, Corrections Officer ("C/O") Hutchinson and C/O Freemantle.  The defendants have moved to dismiss the complaint pursuant to Fed R. Civ. P. 12 (b)(6).  The plaintiff was given extended time to respond to the motion but failed to do so.

                                             I.

    In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir.

1

2007).  The Court's function on a motion to dismiss is " not to weigh the evidence  that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff  pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  While the Court should construe the facial allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."  Id.

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (brackets and internal quotation marks omitted).  "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

2

(internal quotation marks omitted).  Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled."  Id.; see also Johnson v. Westchester Co. Dep't of Correction Medical Dep't, No. 10 Civ. 6309, 2011 WL 2946168(S.D.N.Y. July 19, 2011).

## II.

The following allegations are assumed to be true for the purposes of this motion.

The plaintiff arrived at the AMKC on August 26, 2010. Compl. at 3. He alleges that he was held in the AMKC clinical area for over seventy-two hours, despite having been told and having read on the facility wall that he would be housed within twenty-four hours[1]. Id.  The complaint indicates that, due to the defendants' "neglecting to house [him]," he experienced severe back and neck pain from sleeping on the floor and in a chair, and was potentially exposed to hepatitis from having to share a water cup with other inmates.  Id.

---

[1] The complaint alleges that the events giving rise to his claim occurred from around August 26, 2010 at 7:00 p.m. to around August 29, 2010 at 2:20 a.m., indicating that the violation occurred within a fifty-five hour period, rather than the over seventy-two hour period that that plaintiff alleges elsewhere in the complaint.  Compl. at 3.  For the purposes of this motion, the Court will accept the alleged seventy-two hour period as true.

3

III.

The defendants moved to dismiss pursuant to Federal Rule of Procedure 12(b)(6). They argued that the plaintiff (a) failed to allege the personal involvement of any of the defendants; (b) failed to plead facts that rise to the level of a Constitutional violation; (c) that the individual defendants are entitled to qualified immunity; and (d) that the plaintiff has not pled a basis for municipal liability.

A.

The defendants argue that the plaintiff failed to allege personal involvement on the part of the three individual defendants. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrel v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)(quoting Wright v. Smith, 21 F.3d 496, 501(2d Cir. 1994)). Where the officer is a supervisor, at a minimum, "liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior." Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003); see also Iqbal, 129 S.Ct. at 1948; Solar v. Annetts, 707 F. Supp. 2d 437, 441 (S.D.N.Y. 2010). Beyond direct action

by the state official, there is considerable disagreement in the Second Circuit as to how a plaintiff may sufficiently demonstrate personal involvement of a supervisor. Compare Qasem v. Toro, 737 F. Supp. 2d 147, 150-52 (S.D.N.Y. 2010)(finding that "the five [Colon v. Coughlin, 58 F.3d 865, 873(2d Cir. 1995)] categories supporting personal liability of supervisors still apply as long as they are consistent with the requirements applicable to the particular constitutional provision alleged to have been violated."), with Bellamy v. Mount Vernon Hosp., No. 07 Civ. 1801, 2009 WL 1835939, at *6(S.D.N.Y. June 26, 2009)(finding that Iqbal abrogated three of the Colon categories) aff'd 387 Fed. App'x 55(2d Cir. 2010)(summary order); see also Agular v. Immigration and Customs Enforcement Division, No. 7 Civ. 8224, 2011 WL 3273160 at *9-11 (S.D.N.Y Aug. 1, 2011)(noting split of opinion); Belleza v. Holland, 730 F. Supp. 2d 311, 317 n. 1(S.D.N.Y. 2010)(same)[2]. It is unnecessary, however, to explore the outer reaches of supervisor liability because the complaint fails to allege any supervisor

---

[2] Indeed, the Court of Appeals for the Second Circuit has yet to address whether the Supreme Court's decision in Iqbal abrogates any of the five Colon categories. Without citing Iqbal, the Court of Appeals has noted that, under Colon, the personal involvement of a supervisory defendant may be shown by evidence that the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom. Scott v. Fischer, 616 F.3d 100, 110(2d Cir. 2010); see also Rolon v. Ward, 345 Fed. App'x 608, 611 (2d Cir. 2009)(noting elements of supervisory liability without citing Iqbal).

5

involvement.  <u>See</u> <u>Schoon v. Berlin</u>, No. 07 Civ. 2900, 2011 WL 1085274, at *4 (S.D.N.Y. Mar. 23, 2011)

Aside from naming Warden Cripps and the two C/O's as defendants, the complaint is devoid of any mention of the three with respect to any of the allegations.  The complaint alleges only that the plaintiff read and was told that he would be housed within twenty-four hours, yet had to wait at least seventy-two hours before he was housed.  Merely stating that the defendants "neglect[ed] to house [him]" cannot be construed as participation in the deprivation of constitutional rights.

Moreover, there is nothing in the complaint that could support an inference of liability with regard to any of the individual defendants.  Therefore, the complaint fails to allege any personal or supervisory involvement of any of the individual defendants.  Accordingly, the plaintiff has failed to state a claim against these defendants.

**B.**

The defendants next argue that the plaintiff has failed to plead facts that rise to the level of a constitutional claim.

The plaintiff alleges that he was treated in a "cruel and unusual manner."  It is well established that prison officials

cannot deprive prisoners of certain essential attributes of humane conditions of confinement such as adequate food, clothing, shelter, and medical care.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In order to establish a claim under the Eighth Amendment, a prisoner must demonstrate that a prison official's conduct was "sufficiently serious" and that the official acted (or failed to act) with a "sufficiently culpable state of mind."  Id. at 834; Phelps v. Kapnolas, 308 F.3d 180, 185 (2d Cir. 2000)(per curiam); see also McClenton v. Menifee, No. 05 Civ. 2844, 2006 WL 2474872 (S.D.N.Y. Aug. 22, 2006).

To plead an Eighth or Fourteenth Amendment[3] violation arising out of inadequate medical care, a plaintiff must allege (a) an "actual[] depriv[ation] of adequate medical care" that is "sufficiently serious" and (b) that the charged defendant "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result." Salahuddin v. Goord,  467 F.3d 263, 279-80 (2d Cir. 2006); see also Johnson v. Westchester Cnty. Dep't of Corr. Med. Dep't, No. 10 Civ. 6309, 2011 WL 2946168, at *3 (S.D.N.Y. July 19, 2011).

---

[3] The plaintiff has not stated whether he is a convicted prisoner, in which case his claims are analyzed under the Eighth Amendment, or a pretrial detainee in state custody, in which case his claims are analyzed under the Due Process Clause of the Fourteenth Amendment.  See Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009).  In either case, the standards to be applied are identical.  Id. At 72.

In failing to allege personal involvement, the plaintiff has not pleaded the second element of either claim.

The plaintiff's allegations with respect to the "severe back and neck pain" suffered from sleeping on the floors could support a claim for violation of either the Eighth or the Fourteenth Amendment.  See  Lareau v. Manson, 651 F.2d 96, 105 (2d Cir. 1981)(a prison's use of non-housing areas to accommodate pretrial detainees violates the Due Process Clause of the Fourteenth Amendment, "without regard to the number of days for which a prisoner is so confined"); see also Best-Bey v. Pennsylvania, No. 06-5515, 2008 WL 161214, at *5-6 (E.D.Pa. Jan. 16, 2008) (noting that courts are divided on this issue).

The plaintiff's claim, however, that he was potentially exposed to hepatitis by sharing a water cup fails to state a claim.  See Brito v. Woods, No. 06 Civ. 0154, 2009 WL 2425989, at *6 (N.D.N.Y. Aug. 6, 2009)(plaintiff did not state a claim for violation of the Eighth Amendment when he alleged that he was housed in a cell with an inmate who had Hepatitis C but the plaintiff did not get tested for the disease and did not allege that he came into contact with the inmate's blood).  The plaintiff does not allege that he contracted hepatitis, and has not alleged that any person with whom he was sharing the water cup had hepatitis.  The plaintiff has, therefore, failed to

8

state any of the elements of a constitutional violation in relation to the water cups.  Moreover, the plaintiff has not pleaded all of the elements of a constitutional violation with respect to his wait in the clinical area, because he has failed to plead the sufficiently culpable state of mind of the defendants.  The plaintiff has thus failed to state a claim for violation of either the Eighth Amendment or the Fourteenth Amendment.

### C.

Thirdly, the defendants argue that they are entitled to qualified immunity.  Qualified immunity "shields Government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights." Iqbal, 129 S.Ct at 1945 (internal quotation marks and citations omitted).  Because the plaintiff has failed to allege any actions specific to any of the defendants, and has failed to allege any constitutional violations, it is unnecessary to reach the issue of qualified immunity.

### D.

Finally, the defendants argue that the plaintiff has not pleaded a basis for municipal liability.

Municipalities may be sued directly under § 1983 for constitutional deprivations inflicted upon private individuals pursuant to governmental custom, policy, ordinance, regulation, or decision." Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)). Municipalities are not subject to liability under theories of respondeat superior, but rather on the basis that their policies or customs "inflict[ed] the injury upon the plaintiff." Id. "To hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Id.; see also Adam v. Metro. Transp. Auth., No. 07 Civ. 8807, 2011 WL 891441, at *3 (S.D.N.Y. Mar. 15, 2011).

The defendants argue that the plaintiff has failed to allege that the claimed violations occurred as a result of a municipal policy or custom. The plaintiff has not responded to this argument and the Complaint does not plead allege an official policy or custom. Therefore, the plaintiff's claims against the City are dismissed.

10

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is **granted** and the complaint is dismissed[4]. Because a pro se plaintiff should be allowed to amend his complaint in response to a motion to dismiss, see Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796(2d. Cir. 1999), the dismissal is without prejudice. The plaintiff is granted leave to file an amended complaint within 30 days. The Clerk is directed to close Docket No. 2. The Clerk is directed to close this case subject to reopening if the plaintiff files an amended complaint within thirty days.

SO ORDERED.

Dated:   New York, New York
         September 13, 2011

John G. Koeltl
United States District Judge

---

[4] "Plaintiff's failure to respond to the motion, communicate with this Court, or otherwise pursue this litigation is an independent ground to dismiss this case for failure to prosecute." Johnson v. City of New York, No. 06 Civ. 9426, 2011 WL 666161, at *5 n. 11 (S.D.N.Y. Feb. 15, 2011).

11